IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE AUNDREA MACK                                                    PLAINTIFF

v.                                  Civil No. 4:23-cv-04081

SUPERVISOR WHITNEY HIGGINS;
STEPHANIE BAGWELL;
JAILER EMILY MORRIS; and
JAILER RICKY ANDRADE                                                  DEFENDANTS

## ORDER

Plaintiff, Willie Aundrea Mack, originally submitted this 42 U.S.C. § 1983 action *pro se*, on August 23, 2023.  (ECF No. 1).  Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") and the Court granted Plaintiff IFP status on the same day.  (ECF Nos. 2, 3). Currently before the Court is Plaintiff's failure to comply with Orders of the Court and prosecute this matter.

On October 30, 2023, Separate Defendant Bagwell filed a Motion to Dismiss for failure to state a claim.  (ECF No. 13).  On October 31, 2023, the Court ordered Plaintiff to respond to Defendant Thorne's Motion.  (ECF No. 15).

On November 7, 2023, Separate Defendants Andrade, Higgins, and Morris filed a Motion to Dismiss pursuant to Local Rule 5.5(c)(2).  (ECF No. 17).  On November 9, 2023, the Court issued an Order directing Plaintiff to respond to Separate Defendants' Motion to Dismiss no later than November 30, 2023.  (ECF No. 20).

Both orders directing Plaintiff to respond to these motions were mailed to Plaintiff's address of record at the Sevier County Jail.  The October 31, 2023 Order to respond was returned as undeliverable mail on November 21, 2023.  (ECF No. 21).  The November 9, 2023 Order to respond was not returned as undeliverable mail.  To date, however, Plaintiff has failed to respond

to either motion, and the deadline to do so has passed.[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders and Local Rules. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of February, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Other than filing his complaint and IPF application, Plaintiff has not communicated with this Court. Further, mailings sent to the only address available to the Court are being returned as undeliverable. Thus, the Court determined it unnecessary to enter an order to show cause in this matter.